**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION

Case number (if known): _____  Chapter  11

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Nassau Brewing Company Landlord LLC** |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 47-5031063 |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **945 Bergen St**<br>**Brooklyn, NY 11238-3302**<br>Number, Street, City, State & ZIP Code | _____<br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Kings**<br>County | Location of principal assets, if different from principal place of business<br><br>**945 Bergen St Brooklyn, NY 11238-3302**<br>Number, Street, City, State & ZIP Code |

5. Debtor's website (URL) _____

6. Type of debtor

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor    __Nassau Brewing Company Landlord LLC__    Case number (if known) _____
        Name

| 7. | Describe debtor's business | A. *Check one:* |
|---|---|---|

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
__3121__

| 8. | Under which chapter of the Bankruptcy Code is the debtor filing? | *Check one:* |
|---|---|---|

☐ Chapter 7

☐ Chapter 9

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☒ Chapter 11. *Check all that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| 9. | Were prior bankruptcy cases filed by or against the debtor within the last 8 years? If more than 2 cases, attach a separate list. | ☒ No. ☐ Yes. |
|---|---|---|

District _____ When _____ Case number _____
District _____ When _____ Case number _____

Debtor   **Nassau Brewing Company Landlord LLC**                                   Case number (if known) _____
         Name

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
    ☒ No
    ☐ Yes.

    List all cases. If more than 1, attach a separate list
    
    Debtor _____        Relationship _____
    District _____   When _____   Case number, if known _____

11. **Why is the case filed in this district?**
    Check all that apply:
    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**
    ☒ No
    ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.
    
    Why does the property need immediate attention? (Check all that apply.)
    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____
    ☐ It needs to be physically secured or protected from the weather.
    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
    ☐ Other _____
    
    Where is the property? _____
    Number, Street, City, State & ZIP Code
    
    Is the property insured?
    ☐ No
    ☐ Yes.  Insurance agency _____
            Contact name _____
            Phone _____

### Statistical and administrative information

13. **Debtor's estimation of available funds**
    Check one:
    ☒ Funds will be available for distribution to unsecured creditors.
    ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

14. **Estimated number of creditors**
    ☒ 1-49            ☐ 1,000-5,000       ☐ 25,001-50,000
    ☐ 50-99           ☐ 5001-10,000       ☐ 50,001-100,000
    ☐ 100-199         ☐ 10,001-25,000     ☐ More than 100,000
    ☐ 200-999

15. **Estimated Assets**
    ☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
    ☐ $50,001 - $100,000        ☒ $10,000,001 - $50 million       ☐ $1,000,000,001 - $10 billion
    ☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
    ☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million     ☐ More than $50 billion

16. **Estimated liabilities**
    ☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion

Debtor  <u>Nassau Brewing Company Landlord LLC</u>    Case number *(if known)* _____
        Name

- [ ] $50,001 - $100,000
- [ ] $100,001 - $500,000
- [ ] $500,001 - $1 million
- [x] $10,000,001 - $50 million
- [ ] $50,000,001 - $100 million
- [ ] $100,000,001 - $500 million
- [ ] $1,000,000,001 - $10 billion
- [ ] $10,000,000,001 - $50 billion
- [ ] More than $50 billion

Debtor  Nassau Brewing Company Landlord LLC                      Case number (*if known*)
        Name

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   July 16, 2021
              MM / DD / YYYY

X /s/ Sean Rucker
Signature of authorized representative of debtor

Printed name: Sean Rucker

Title  Successor Manager

**18. Signature of attorney**

X /s/ Kevin J. Nash
Signature of attorney for debtor

Date  July 16, 2021
      MM / DD / YYYY

Kevin J. Nash
Printed name

Goldberg Weprin Finkel Goldstein LLP
Firm name

1501 Broadway 22nd Floor
New York, NY 10036
Number, Street, City, State & ZIP Code

Contact phone  (212) 221-5700     Email address  knash@gwfglaw.com

Kevin J. Nash
Bar number and State

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                                    Chapter 11

NASSAU BREWING COMPANY
LANDLORD LLC,                                                                    Case No.

                                    Debtor.
------------------------------------------------------------x

## DEBTOR'S DECLARATION
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

Sean Rucker declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am the successor manager of Nassau Brewing Company Landlord LLC (the "Debtor") having been duly appointed on July 12, 2021 after the initial manager of the Debtor, Fabian Friedland ("Friedland"), was removed for cause due to various payment and performance defaults involving, *inter alia*, misappropriation of funds and other wrongdoing. The decision to remove Mr. Friedland was made by the Preferred Member (Churchill Real Estate Holdings LLC) exercising various rights conferred by the Third Amended and Restated Operating Agreement dated December 10, 2019 (the "OA"), governing the Debtor's legal and financial affairs.

2. The decision to remove Friedland was one of necessity designed to end several years of fraud and mismanagement which has badly impacted the Debtor's development plans. Preferred Member has recently discovered that Friedland, among other things, (i) mishandled a security deposit posted by a commercial tenant, (ii) mishandled construction funds such that the project was left in a state of partial completion, and (iii) passed counterfeit corporate documents among the various stakeholders in an attempt obfuscate the Debtor's

financial condition. With a change in management, the Debtor has decided to commence this case in order use the powers of this Court to reconcile the Debtor's true financial condition and seek a sale of its development property in bankruptcy.

3. As part of the Chapter 11 filing, I hereby submit this Declaration pursuant to Local Rule 1007-4. The purpose of this Declaration is to assist the Court, creditors and other parties-in-interest in understanding the circumstances necessitating the filing of the Chapter 11 petition, the Debtor's debt and capital structure, and the Debtor's reorganization plans.

### The Nature of the Debtor's Business

4. The Debtor is a New York limited liability company organized on July 23, 2015 to acquire the Property at 945 Bergen Avenue, Brooklyn, NY (the "Property"). Prior to the Debtor's acquisition, the Property was originally owned by Crow Master Holdings LLC, which was the initial developer and currently a common member under the control of Friedland.

5. The Debtor came into being with the goal of leasing the Property to another affiliate, Nassau Brewing Company Master Tenant LLC (also controlled by Friedland), and rehabilitate the Property as part of a condominium regime, containing separate commercial and residential condominium units to take advantage of certain Historic Tax Credits (the "Project").

6. The Project was financed by Valley National Bank in 2015 pursuant to two separate mortgage loans: (i) Acquisition Loan in the principal sum of $3,750,000; and (ii) Building Loan in the sum of $14,250,000 for a total mortgage debt of $18,000,000.

### Events Precipitating the Chapter 11 Filing

7. In 2016, Churchill Real Estate Holdings LLC ("Churchill") became a preferred member of the Debtor, advancing loans and capital of more than $5 million for the

Project. As the preferred member, Churchill also received certain veto rights concerning changes in management and major decisions.

8. As the name implies, it was envisioned that the commercial unit would be developed and used as a local Brooklyn brewery, with residential units on the upper floors.

9. In the ensuing years, however, the Project stalled due to a myriad of issues and disputes with Friedland. It appears to the Preferred Member that Friedland grossly mismanaged the project, apparently diverting millions of dollars that should have been put into the rehabilitation. As a result of Friedland's apparent defalcation, the Project has become woefully undercapitalized and presents a myriad of health and welfare issues to the community. Friedland not only mismanaged the funds entrusted to him to complete the Project, but also those posted as security from prospective tenants. The Project is currently involved in litigation with a former tenant because Friedland diverted the tenant's security deposit, and a default judgment is imminent. Additionally, the Valley National Bank mortgages are now in default and more than $200,000 in real estate taxes are outstanding. Given these legal, practical, and financial exigencies, the Preferred Member exercised its rights to remove Friedland and sees Chapter 11 as an opportunity to maximize the value of the Property and salvage the Project through a transparent sale process.

### Local Rule 1007-4 Disclosures

10. While I am not yet privy to all information due to Friedland's prior management, I am in position to make the following preliminary disclosures based upon information currently available to the Preferred Member.

11. Pursuant to Local Rule 1007-4(a)(iv) and (v), no committees were formed prior to the filing of the Debtor's Chapter 11 Petition.

12. Pursuant to Local Rule 1007-4(a)(vi), the Debtor will file a formal set of schedules and statements once all books and records are turned over to me as the successor manager.

13. Pursuant to Local Rule 1007-4(a)(vii), Valley National Bank is currently listed as the Debtor's sole secured creditor with a combined principal debt of $18 million.

14. Pursuant to Local Rule 1007-4(a)(viii), the Debtor's assets and liabilities will be set forth in the bankruptcy schedules to be filed herein.

15. Pursuant to Local Rule 1007-4(a)(ix), the membership interests in the Debtor is not publicly traded.

16. Pursuant to Local Rule 1007-4(a)(x), none of the Debtor's assets are in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents or secured creditor.

17. Pursuant to Local Rule 1007-4(a)(xi), the Debtor is a party to an Amended Master Ground Lease dated December 21, 2018 with an affiliate known as Nassau Brewing Company Landlord LLC, which lease will be rejected in bankruptcy.

18. Pursuant to Local Rule 1007-4(a)(xii), the Debtor's books and records remain largely in the possession and control of Friedland, and efforts will be made to obtain a turnover of same either voluntarily or through motion practice.

19. Pursuant to Local Rule 1007-4(a)(xiii), a list of pending lawsuits is filed herewith.

20. Pursuant to Local Rule 1007-4(a)(xiv), I am serving as the successor Manager of the Debtor without salary or other compensation.

Dated: New York, New York
July 16, 2021

*Sean Rucker* (signature)
Sean Rucker

## NASSAU BREWING COMPANY LANDLORD LLC

## COMPANY RESOLUTION IN SUPPORT OF CHAPTER 11 FILING

WHEREAS, the business and legal affairs of Nassau Brewing Company Landlord LLC (the "Company") are governed by a certain Third Amended and Restated Operating Agreement dated as of December 10, 2019 (the "Operating Agreement"); and

WHEREAS, pursuant to Section 5.6(a) of the Operating Agreement, the Preferred Member declared various defaults and exercised its rights to remove Fabian Friedland as then manager for cause based upon payment and performance defaults and other conduct detrimental to the Company; and

WHEREAS, a special meeting of the Company having been called and convened by the Preferred Member and upon motion duly made and carried, the following resolutions were adopted:

>   **RESOLVED**, that Sean Rucker is confirmed as the successor manager of the Company for purposes of filing and prosecuting the Chapter 11 case on behalf of the Company;
>
>   **RESOLVED**, the Company is authorized to file a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of New York; and it is further
>
>   **RESOLVED**, Sean Rucker is authorized to act on behalf of the Company to (a) execute the Chapter 11 petition and all other related papers and other documents, and to cause the same to be filed with the Bankruptcy Court; (b) cause the Company to file all schedules, statements, lists, motions, applications and other papers necessary or desirable to prosecute the Chapter 11 case and achieve confirmation of a plan of reorganization; and (c) pursue a restructuring of the Company's debts and obligations, including a sale of the Company's development property; and it is further

RESOLVED, that the Company is authorized to retain the law firm of Goldberg Weprin Finkel Goldstein LLP as counsel in the Chapter 11 case under a general retainer.

Dated: New York, New York
July 16, 2021

                            NASSAU BREWING COMPANY LANDLORD LLC

                            By: /s/ Sean Rucker
                                Sean Rucker
                                Successor Manager

2

Preferred Member Consent

The undersigned, constituting the sole Preferred Member of Nassau Brewing Company Landlord LLC, hereby consents to the above described Resolutions:

Dated: New York, NY
       July __, 2021

                          CHURCHILL REAL ESTATE HOLDINGS LLC

                          By: _____
                          Name: Soresh Maheshvari
                          Title: Authorized Signatory

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                          Chapter 11

NASSAU BREWING COMPANY LANDLORD
LLC,                                                            Case No.

                                               Debtor.
-----------------------------------------------------------x

## LIST OF EQUITY HOLDERS

Preferred Member:
    Churchill Real Estate Holdings LLC      100%

Common Member:
    Crow Master Holdings LLC              99%
    Nicholas Prunty                        1%


Dated: New York, New York
      July 16, 2021

                                        Nassau Brewing Company Landlord LLC

                                  By: _____
                                        Sean Rucker, Successor Manager

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                    Chapter 11

NASSAU BREWING COMPANY LANDLORD
LLC,                                                                      Case No.

                                    Debtor.
-------------------------------------------------------------x

## BANKRUPTCY RULE 7007.1 CORPORATE OWNERSHIP STATEMENT

Pursuant to Bankruptcy Rule 7007.1, Nassau Brewing Company Landlord LLC certifies that it is a private non-governmental party, and has no corporate parent, affiliates and/or subsidiaries which are publicly held.

Dated: New York, New York
        July 16, 2021

                                                Nassau Brewing Company Landlord LLC

                                                By: _____
                                                    Sean Rucker, Successor Manager

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                                              Chapter 11

NASSAU BREWING COMPANY LANDLORD
LLC,                                                                Case No.

                              Debtor.
----------------------------------------------------------------x

# LIST OF LAWSUITS

PARE Restaurants LLC v. Nassau Brewing Company Master Tenant, et. al.
Supreme Court, NY County
Index No. 652791-21
Plaintiff's Attorney:   Meister Seelig & Fein LLP
                        125 Park Avenue
                        New York, NY 10017


Dated:   New York, New York
         July \_, 2021

                                        Nassau Brewing Company Landlord LLC

                                        By: _____
                                            Sean Rucker, Successor Manager

1

United States Bankruptcy Court
Eastern District of New York, Brooklyn Division

IN RE:                                                                  Case No. _____

Nassau Brewing Company Landlord LLC                                     Chapter 11
_____Debtor(s)_____

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) or attorney for the debtor(s) hereby verify that the attached matrix (list of creditors) is true and correct to the best of their knowledge.

Date: July 16, 2021                    _____/s/_____
                                                Debtor

                                       _____
                                                Joint Debtor

                                       _____
                                                Attorney for Debtor

Software Copyright (c) 2021 CINGroup - www.cincompass.com

LIST OF CREDITORS

Valley National Bank
924 Broadway
New York, New York 10010

Pare Restaurants LLC
c/o Kevin Frtiz
Meister Seelig & Fein
125 Park Avenue, 7th Floor
New York, New York 10017

Fabian Friedland
1000 Dean Street, Suite 224
Brooklyn, New York, 11216

Zachary Goldstein
5 Oak Lane
Larchmont, New York, 10538

Churchill Real Estate Holdings LLC
7 Mercer Street
New York, NY 10013

Nicholas Prunty
1000 Dean Street, Suite 224
Brooklyn, New York

Crow Master Holdings LLC
1000 Dean Street, Suite 224
Brooklyn, New York

Nassau Brewing Company Master Tenant LLC
945 Bergan Street
Brooklyn, New York, 11216

NYC Dept't of Finance
Legal Affairs
345 Adams St Fl 3
Brooklyn, NY 11201-3719

NYC Dept't of Taxation
Bankrutpcy/Special Procedure
PO Box 5300
Albany, NY 12205-0300

New York State Attorney General
28 Liberty Street
New York, New York 10005

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

NYC Dept of Law
Attn: Bernadette Brennan, Esq.
100 Church Street Rm 5-233
New York, NY 10007-2601