IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 21-41852 |
| NASSAU BREWING COMPANY LANDLORD LLC, | Chapter 11 |
| Debtor. | |

**STATEMENT OF SECURED CREDITOR VALLEY NATIONAL BANK IN CONNECTION WITH CASE STATUS HEARING**

Valley National Bank ("*Valley*"), a secured creditor in the above case, files this *Statement of Secured Creditor Valley National Bank in Connection with Case Status Hearing* (the "*Statement*"). In support of this Statement, Valley respectfully states as follows:

**Status of Chapter 11 Plan**

1. At the last status hearing in this case, the Debtor and CF-IF 2020-1 LLC (together with its affiliates, "**Churchill**") expressed a desire for a plan structure that would involve Churchill retaining ownership of the Debtor with the DIP loan being repaid in full, but only a portion of Valley's pre-petition secured loan being repaid, with the proceeds of a secured exit loan from a new lender and a $3+ million contribution from the Master Tenant as consideration for the Debtor's assumption of the master lease. Valley was asked by the Debtor and Churchill to retain at least $4-5 million of its pre-petition secured debt in a subordinate position to the exit loan.[1] Valley has made it clear to the Debtor and Churchill that its proposal was not acceptable and that Valley would prefer to explore a potential sale of the property to a stalking horse purchaser that would serve as the framework of an alternative chapter 11 plan to be proposed by Valley that would result in Valley's claim being paid in full. Valley has engaged a broker to

---

[1] Although the Debtor stated at the November 30, 2022 hearing that it believed the deficiency would be in the $4-5 million range, based on the information the Debtor and Churchill have provided to Valley, Valley believes the shortfall under the Debtor's proposal would be at least $6-7 million.

{12146310:4}

assist it in locating a potential stalking horse purchaser. The Court has indicated that if the parties are unable to reach an agreement on the framework of a chapter 11 plan, the Court was inclined to appoint a mediator at the next hearing (February 8) to assist the parties in reaching an agreement. Valley believes that a mediation with respect to the substance of a chapter plan would be premature before Valley has had sufficient opportunity to test the market to see what the property is worth. Valley believes 60-90 days would be sufficient time to test the market. The Debtor and Churchill have proposed Lori Lapin Jones as a potential mediator. Valley has no objection to the appointment of Ms. Jones as a mediator. However, as set forth below, Valley would request that the scope of any mediation be expanded to address any concerns raised in this Statement that are unresolved following the hearing and that such issues be addressed before a mediation with respect to a chapter 11 plan.

## Status of DIP Loan

2. The DIP loan matured on October 1, 2022. The Debtor has not made any payments of interest to Valley since September 1, 2022. As of the today, Valley is owed DIP loan interest of $158,615.22. Based on a review of the monthly operating reports, the Debtor has been making substantial payments to certain vendors and other parties since the maturity of the DIP loan, in violation of the terms of the DIP loan agreement and order. During the November 30, 2022 court hearing there was discussion on the record about the parties submitting a consent order to amend the Order approving the DIP loan to provide for a later maturity date and an updated budget. Despite repeated requests by Valley to the Debtor and Churchill, the Debtor and Churchill have ignored Valley's repeated requests for the Order to be amended.

## Status of Property

3. The Debtor and Churchill have completed the development of the property and as of January 6, 2023, the last rent roll report provided to Valley by Churchill, 28 of 38 residential

units had been leased and none of the 4 commercial units had been leased. Valley has not been made aware of any leasing activity since January 6, 2023 and, despite repeated requests to the Debtor and Churchill, Debtor has received no updated rent roll or any updates regarding the status of the leases and the rental income, which information is needed for Valley to assess the value of the property. Valley has also made repeated requests for proof that the insurance on the property is current but has not yet received a substantive response from the Debtor or Churchill.

### Status of DIP Account

4. After numerous requests, the Debtor finally moved the lease security deposits into a DIP Account at Valley over the last day or two; however, despite numerous requests, the Debtor has not yet funded the DIP Account with any of the rental proceeds of the property as required by applicable bankruptcy law. Upon information and belief, the Debtor's income is being diverted and held in another institution in multiple accounts in the name of Churchill Credit Holdings LLC.

### Status of Monthly Operating Report

5. The monthly operating report for August 2021 filed on the docket was corrupted and could not be viewed online and has not been otherwise produced to Valley. Valley has made multiple requests for the Debtor to correct the problem but it has not yet been corrected.

### Suggested Course of Action

6. If the Court is inclined to appoint a mediator at the February 8, 2022 hearing, Valley would request that the scope of any mediation be expanded to address any unresolved concerns raised in this Statement and that such issues be addressed before a mediation with respect to a chapter 11 plan, including with respect to: (i) amendment of the DIP loan order and immediate payment of past due DIP loan interest, (ii) status of the operation of the property, including recent efforts to lease the property, (iii) movement of all Debtor's cash and rental

income into a DIP loan account, (iv) granting access to the property to Valley's appraiser, broker, and prospective purchasers, and (v) providing Valley with accurate and timely information regarding the property operations and finances.

Dated: New York, New York   WINDELS MARX LANE & MITTENDORF, LLP

February 7, 2023   *Attorneys for Valley National Bank, Secured Creditor*

By:   */s/ James M. Sullivan*
James M. Sullivan (jsullivan@windelsmarx.com)
Robert J. Malatak (rmalatak@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000 / Fax. (212) 262-1215